Based on our docket, it's 513-0010, People's State of Illinois v. Price. Council, ready to proceed? Please, the Court and the Council, my name is Alan Andrews. I'm here from the Office of the State Appellate Defender to represent Mr. Price in this appeal from the dismissal of his post-conviction petition at the first stage of the proceedings. Post-conviction petition can be dismissed at the first stage of the proceedings if it fails to present a gist of a claim. A petition fails to present a gist of a claim if it has no arguable basis in law or in fact. A petition has no arguable basis in law if it's based on an indisputably meritless legal theory such as one that's completely contradicted by the record. And a petition has no arguable basis in fact if it's based on fanciful factual scenario. The example the Illinois Supreme Court gives is delusional or fantastic allegations. Now, a trial court is supposed to apply a lenient eye to these petitions at the first stage and allow even borderline petitions to proceed to the second stage for the appointment of counsel. Mr. Price's petition presented, I think, three claims that had a gist of a claim and it should not have been dismissed. The first claim was that appellate counsel was ineffective for failing to argue that Mr. Price's Fifth Amendment right to counsel was violated when the police failed to honor his indication of his right to counsel when he was being interrogated. That's a long sentence, but we're all, I think, familiar with the underlying claim. A defendant is entitled during an interrogation to end the interrogation at any time so that he can consult with counsel. Now, the legal theory of this claim is not completely contradicted by the record. This is what Mr. Price said. I want a lawyer if you're just going to sit here and keep badgering me. I want a lawyer. A complete contradiction of the claim would be something like, I don't want a lawyer, I want to talk to you. Or perhaps he would listen to the interrogation and there would be no mention of counsel at all. But what we have here clearly is a statement that he wants to talk to a lawyer. Now, whether that request is sufficient to entitle him to relief is something that should be resolved at either the second or the third stage. What we have here is an indication of a right to counsel that is not completely contradicted by the record. Is the factual basis for that claim, the right to counsel claim, ineffective assistance claim, is there an arguable basis for that? Yes, there is. These allegations are not, the factual allegations are not fanciful or delusional. They're taken right from the transcript. Didn't that transcript go a little longer, farther on? He said, do you want a lawyer? He never would answer that way. How many times did he ask that, about four times? He asked it for about, I don't know how many times he asked it, but it was for about four or five minutes he was asking. Right. But the point is that the record has to contradict an indication of counsel. It has to contradict it. Now, again, whether or not it was a clear one or not, I don't know. But that's not the standard at the first stage of dismissal. It has to be contradicted by the record. And it is not contradicted by the record. He very clearly says, I want a lawyer. If you keep address. Yes, indeed. I would concede that. But my point is that that's not a, the record does not contradict that he requested counsel. You know, at the second stage or the third stage, somebody might hold that that's a vague request and that it's not adequate for him to be granted relief. It's kind of like saying, I'm not guilty. So I said, guilty. That I didn't understand. In other words, he said, if you continue badgering me, so if you just strike that off, you say, I want a lawyer. Again, that's similar to saying, I am not, and you don't hear that, I'm guilty. No, no. It's still, it's a first stage, and it's got to be contradicted by the record. And I think that even if it's conditional, that is not a contradiction by the record. So if it's equivocal or unsure, it still would meet the criteria you're saying for the first stage. It meets the criteria for the first stage. And he may well lose the second or the third stage.  And again, the allegations factual are not fanciful or delusional. It's right there in the transcript or on the tape. Now, as for the second claim, there's a gist of a claim that his right to due process was violated where the trial court declined to instruct the jury on involuntary manslaughter. And there's case law saying that if a defendant is entitled to a lesser included offense instruction and the court refuses to give it, that can violate his right to due process. So that's the theory behind the claim. Now. Wait, didn't he beat this child to a pulp? There's certainly evidence that indicates that that is exactly what happened. On the other hand, again, the record has to completely contradict the claim at the first stage. I thought that's what all the experts said, though, is that this could not have happened by him accidentally pushing him up against the couch or something. All the experts did say that. Well, there is the evidence that would support the instruction. The evidence is in his own state. It is controverted by everything that's in the record, apparently. But a jury is entitled to disregard an expert no matter how qualified the expert is. Yeah, but, I mean, there has to be some credible evidence. And if essentially all the experts are saying it can't happen and they're medical experts. Again, a jury is entitled to disregard any expert testimony that it chooses. That doesn't give a defendant the right to a lesser included on everything. Just because a jury might do something? Is that what you think the law is? I don't think that, no, it's not that because they might, but they're certainly entitled to. Well, then you would be giving lesser included instructions on every case. If there has to be slight evidence in favor of a lesser included offense, such as Mr. Price's statement. But it has to be based in some reality that it's a possibility. And there's no possibility here by anybody. Let's talk about three. Okay. I can tell I'm not getting anywhere on issue two. That was my best shot. Issue three is there's a gist of a claim that the jurors were exposed to ex parte communications from the deceased's family. And, again, there's a sound legal theory behind this that ex parte communications can deny a defendant a Sixth Amendment right to an impartial jury. Again, here, the legal theory is not indisputably meritless. There's nothing in the record that completely contradicts this claim. In fact, there's nothing in the record at all to show that these communications did not occur. So it meets the definition of an arguably meritorious legal claim. Moving to the second part, are they factual? Did he get an affidavit of any of the people, witnesses that saw that? Because he got it from somebody else. He had affidavits there from his relatives and friends. And two of them, I believe, said they saw and heard either the aunt or the mother or both of the decedent tell the jurors, come on, just convict him, let's get this over with. So he had two people provide that affidavit. And if you apply the test of whether or not these factual allegations are fantastic or delusional, they clearly are not. They're supported by affidavits. There's nothing in the affidavits that would indicate that these people are delusional or anything like that. Certainly, these events could have occurred. There could have been ex parte communications in the restroom or in the hallway or in the elevator. There's absolutely nothing fantastic or delusional about these allegations. So this clearly presents the gist of the claim that the jurors were subject to ex parte communications and they could have been denied his right to an impartial jury. Again, the trial court is supposed to examine these claims leniently and let borderline cases proceed. I would simply ask this court to remand the clause to the trial court for the appointment of counsel so that the case can proceed to the second stage. Thank you. Your Honors, counsel, issues one and two could have been raised on direct appeal. And therefore, they're waived. To avoid waiver, the defendant's post-conviction petition led in effective assistance of appellate counsel. And appellate counsel, Mr. Burke, his affidavit was appended to the defendant's post-conviction petition. At this stage, which is the first stage, all well-plaid facts are to be taken as true. And the court does no fact-finding. And in his affidavit, which must be taken as true, Mr. Burke explained why he did not raise the Miranda Fifth Amendment issue and explained why he did not raise the jury instruction issue. And his reasons were sound and correct. Appellate counsel is not required to brief every issue on appeal that could possibly be raised. Mr. Burke decided not to raise the Miranda issue because the defendant's request for counsel was equivocal, as the court found. And he made no damaging statements that would have been subject to suppression. So there wouldn't have been any merit to the issue on appeal. It wouldn't have caused a reversal. And Mr. Burke thought as well that raising this issue would give the prosecution an opportunity to get into the gruesome facts of the child's murder and his injuries. Counsel's assessment was correct, because the issue itself was without merit on direct appeal. And therefore, the defendant has failed to set forth the gist of a claim. And this issue was properly dismissed. Looking at the record, it supports every one of Mr. Burke's conclusions. Because the defendant was, after he first made his equivocal expression, he says, I want a lawyer. If you're just going to sit here and keep badgering me, I want a lawyer. And then after that, no questioning happened, except questioning aimed at determining if the defendant was unequivocally wanting to assert his right to counsel. And he is asked eight times, do you want counsel? You know, are you, do you want, I have to leave if you want counsel? And finally, after a long, long visit, the defendant says, I don't know what I want, dude. I'm freaked out. And he continues. Yeah. I'm more concerned about issue three. Okay. Yes, correct. In the people versus Hobley case. Yes. Hobley. Hobley. The court says there, and I think this is a Supreme Court case. Yep. It says that it is well settled in Illinois that any communication with a juror during trial about a matter pending before the jury is deemed presumptively prejudicial to a defendant's right to a fair trial. Presumptively prejudicial, and then the burden moves to you. The burden rests upon the state to establish that such contact with the jurors was harmless to the defendant. So I'm concerned that if we have affidavits attached saying there was improper communication, how has this defendant not at least stated the gist of the constitutional claim? Okay. Based on that case. Right. Hobley, they were at, okay, at this point in the game, the defendant has attached affidavits, and it's his burden to make the gist of the constitutional claim. So in Illinois, as noted in People v. Ward, there's no longer a categorical presumption of prejudice when there's just some, any outside contact with the juror. That's cited in the People's Brief, People v. Ward, 1st District, 2007. So there isn't a presumption. And at this stage. Wait, that's a 1st District case, though. No, it's, yes, it's a 1st District, 2008, 371 Illinois appellate report. But I'm citing from an Illinois Supreme Court case. Well, things have changed since Hobley. And also, in Hobley. It's 98. Right. And this is 2007. You can look at. Okay, I'm asking because, you know, I'm a new judge. Yes, yes, yes, Your Honor. Educate me. Okay. But at this stage, it's different. And you can't just, there can't just, I'm also citing an Illinois Supreme Court case, People v. Williams. In Williams, the defendant was alleging improper contact with jurors. And in Williams, he attached affidavits. But the Williams court, this is a post-conviction petition, noted that we must keep in mind that this case is on appeal from the dismissal of a post-conviction petition in which the petitioner has the initial burden. And in Williams, the court looked, this is an Illinois Supreme Court case, 209 Illinois 2nd at 242. The court looked at the sufficiency of the affidavit, because this is not exactly on direct appeal, and found that the affidavit was not sufficient. They said the mere assertion that an improper conversation occurred is not sufficient. What would have been sufficient? I mean, what would they have had to do to really meet what you say is the bar? The bar is you have to show some fact that indicates that the jury or jurors had an improper contact and due to improper contact were influenced, so they could not be impartial. Do you have to identify a juror? Because I think here there were some allegations, and I can't remember if that was in a bathroom, that somebody said, let's just get it over with, something like that. I mean, how are these people to know the names of the jurors necessarily? They don't have to know the jurors. Like in the Hobley case, there were descriptions of the jurors as being afraid because they were threatened. People had observed a frightened response. Well, if somebody says, let's just get them over with and find them guilty, that's a pretty strong statement towards an indication of guilt. And the affidavit that you're referring to, I'd have to look further on, they go ahead to say that the jurors just looked at each other and looked at, and so it's like there was no effect. And in Hobley, the affidavit only said, you know he's guilty. I don't find that too far from, you know he's guilty, let's get it over with. And I want to give Hobley due course, and that is the other one was, hang the motherfucker. I mean, there were a few others, but you know he's guilty is so much similar to kind of what we have here. And in the Williams case, were there affidavits attached? Yes, the affidavit. Or was it just the affidavit of the individual? It's in the Denos affidavit. They took it as true and noted that it only said that an improper conversation had occurred. It didn't say the words. Right. But see, what distinguishes this present case from Hobley is that in Hobley, there was indication that the jurors felt threatened and were afraid. And therefore were affected by what they heard. But that's, I mean, that isn't what the court commented on, though. They only commented on the communication. I mean, I'm sitting here thinking that if that would have been brought out at trial, you know, somebody said something, I can't imagine that the trial judge wouldn't have done something to see what had gone on, either why they're the jurors or, you know, something like that. Correct. And we are only at stage one, which is a very low threshold. It is a very low threshold. But it's not so low that the defendant isn't required to plead something that shows the jury was affected. And all we have, as it was in the Williams case, is a description of something that the jurors may have overheard. And we don't have the other form of the ground, which is the effect on the jury. Thank you very much. Thank you, Professor. Anybody? Do you want to continue on on that? I would like to discuss Williams and Hobley because those cases are inapplicable here to the burden that's on Mr. Price. Those were capital cases. And in a capital post-conviction petition, a defendant, as soon as he filed his PC, was appointed counsel. There is no first-stage dismissal in a capital PC proceeding. I think you lost my point. I'm sorry. That's okay if you want to argue that. My point was, do you agree that communication with the juror during trial about a matter pending before the jury is deemed presumptively prejudicial to a defendant's right to a fair trial? Does that only happen in criminal death penalty cases, or do you think that proposition is true? I agree with that in all cases. That was my question. I was addressing the fact that there is not the standard, the burden to prove it like there was in Hobley and Williams because those are second-stage cases. You know, those guys had lawyers who went out and got those affidavits from the jurors and said, I'm horrified. You know, we were frightened. You know, what if Mr. Price's family had approached the jurors in this case? Bad things would have happened, I think. You know, Mr. Price can meet the standard on a first-stage PC dismissal in this case on this issue, and then send it back to the trial court. Let him talk to his lawyer. Let the lawyer see if he should go investigate this claim and find out whether or not the jurors were actually affected by these, you know, conversations if they occurred. That's all I'm asking in this case. Just send it back for the appointment of counsel. Thank you. Thank you.